**Douglas M. HARTMAN, Petitioner–Appellant,**

v.

**William L. SUMMERS, Respondent–Appellee.**

**No. 95–55525.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 1996.

Decided July 11, 1997.

Ronald L. Hartman and Joseph Rhine, Santa Monica, CA, for petitioner-appellant.

George Williamson, Carol Wendelin Pollack, Kenneth C. Byrne, and Emilio E. Varanini IV, Deputy Attys. Gen., Los Angeles, CA, for respondant-appellee.

Joseph A. Ragazzo, Oakland, CA, for amicus curiae Protection and Advocacy, Inc.

Before: BEEZER, BRUNETTI and JOHN T. NOONAN, Circuit Judges.

BRUNETTI, Circuit Judge.

Douglas M. Hartman appeals the district court's dismissal with prejudice of his peti-

tion for writ of habeas corpus. We have jurisdiction, 28 U.S.C. § 2253; 28 U.S.C. § 1291, and affirm on the ground that petitioner lacks standing.

## I.

Douglas M. Hartman was charged with one count of second degree murder, in violation of California Penal Code section 187, and three counts of assault with a deadly weapon, in violation of California Penal Code section 245(a). In Los Angeles County Superior Court, a trial judge found Hartman not guilty by reason of insanity on all counts pursuant to California Penal Code section 1026. Hartman was subsequently committed to Patton State Hospital.

On April 9, 1993, Hartman filed a petition for writ of habeas corpus in San Bernardino County Superior Court, which was denied. On August 2, 1993, Hartman filed a petition for writ of habeas corpus in the California Supreme Court, which also was denied.

On January 6, 1994, Hartman filed a petition for writ of habeas corpus in United States District Court. In his petition, Hartman contended that California's statutory scheme for releasing insanity acquittees violates the Due Process and Equal Protection Clauses of the United States Constitution.[1] Subsumed within his general challenge of California's statutory scheme for releasing insanity acquittees are two of Hartman's other claims: (1) that California Penal Code sections 1026.2(b) and (c) are unconstitutional;[2] and (2) that the Conditional Release Outpatient Program[3] for insanity acquittees

is unconstitutional. Hartman also argues that the state court trial judge improperly construed the imperfect self-defense doctrine.

On March 30, 1995, District Court Judge Irving Hill filed an opinion dismissing Hartman's petition with prejudice on the ground that California's statutory scheme for releasing insanity acquittees did not violate the United States Constitution and on the ground that the trial judge did not err in concluding that petitioner was not entitled to the benefit of the imperfect self-defense doctrine. *Hartman v. Summers,* 878 F.Supp. 1335 (C.D.Cal.1995). Judge Hill declined to consider Hartman's claims that Cal.Penal Code §§ 1026.2(b) and (c) and the Conditional Release Outpatient Program were unconstitutional on the ground that they should have been brought in a § 1983 action. We dismiss Hartman's petition for lack of standing.

## II.

Standing is a question of law reviewed de novo. *Barrus v. Sylvania,* 55 F.3d 468, 469 (9th Cir.1995). Standing cannot be waived.[4] *United States v. Hays,* 515 U.S. 737, 742, 115 S.Ct. 2431, 2435, 132 L.Ed.2d 635 (1995). "The federal courts are under an independent obligation to examine their own jurisdiction...." *Id.* The doctrine of standing is comprised of both Article III requirements and prudential considerations. *LaDuke v. Nelson,* 762 F.2d 1318, 1323 (9th Cir.1985), *am.* 796 F.2d 309 (9th Cir.1986). Standing generally requires a showing of three elements: 1) injury in fact where

1. Under California's statutory scheme,

   [a] person may be released from a state hospital (1) upon restoration of sanity pursuant to the provisions of section 1026.2, (2) upon expiration of the maximum term of commitment under section 1026.5, ..., or (3) upon approval of outpatient status pursuant to the provisions of section 1600 et seq.

   *People v. Sword,* 29 Cal.App.4th 614, 620, 34 Cal.Rptr.2d 810 (1994) (citing Cal. Pen.Code § 1026.1), *cert. denied,* 514 U.S. 1117, 115 S.Ct. 1977, 131 L.Ed.2d 865 (1995).

2. Sections 1026(b) and (c) are part of the statutory scheme for releasing insanity acquittees. These sections provide that pending the hearing to determine whether the insanity acquittee who

is applying for restoration of sanity would be a danger to the health and safety of others due to mental defect, disease, or disorder, the insanity acquittee may be detained at a county jail if the treatment and the safety of the person and the general population of the jail are ensured. Cal.Penal Code §§ 1026.2(b) and (c).

3. The Conditional Release Outpatient Program is part of the release procedure provided under California Penal Code § 1026.2.

4. Hartman's argument that appellee did not raise the issues of standing and ripeness below and filed no objections is therefore irrelevant. Standing can be reviewed at anytime because it is a jurisdictional concern.

plaintiff/petitioner has suffered actual loss, damage, or injury, or is threatened with impairment of interests; 2) causal connection between the injury and the conduct complained of; and 3) likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136–37, 119 L.Ed.2d 351 (1992).

To confer standing, the threat of future injury must be credible rather than remote or hypothetical. *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir.1990). Petitioner must show a very significant possibility that the future harm will ensue. *Id.* In *Lujan*, the Supreme Court held that the plaintiffs did not have standing because they did not suffer an "injury in fact." *Id.* at 564, 112 S.Ct. at 2138. The plaintiffs in *Lujan* were environmental groups who brought an action challenging the geographic scope of a regulation of the Secretary of Interior. *Id.* at 559, 112 S.Ct. at 2135–36. This regulation required other agencies to confer with the Secretary of Interior under the Endangered Species Act only with respect to federally funded projects in the United States and on the high seas, but not other countries. *Id.* Their claim to injury was that the lack of consultation would increase the rate of extinction of endangered and threatened species. *Id.* at 563, 112 S.Ct. at 2137–38. Affidavits had been filed by the plaintiffs' members stating that they intended to visit the foreign countries in the future. *Id.* at 563–64, 112 S.Ct. at 2137–38. The Supreme Court held: "[s]uch 'some day intentions'— without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of 'actual or imminent' injury that our cases require." *Id.* at 564, 112 S.Ct. at 2138. In turn, the federal courts lacked jurisdiction over the case.

Similar to *Lujan*, Hartman fails to state any definite plans to file an application for release under § 1026.2 which would make him subject to § 1026.2 and fulfill the "injury in fact"/imminent harm requirement of Article III. Hartman bases his claim for immediate release on the grounds that § 1026.2 is unconstitutional. Nowhere in his petitions for writ of habeas corpus, however, does Hartman assert that he intends to begin, or has begun, the procedure under § 1026.2.[5] Because Hartman has failed to allege that he is subject to the release procedure that he complains of, he fails to show imminent injury. Under the *Lujan* analysis, Hartman lacks standing and this Court does not have jurisdiction to address his claims regarding the constitutionality of California's statutory scheme for releasing insanity acquittees because the statute applies to him, and therefore hypothetically injures him, in only a speculative sense.

Hartman also lacks standing for his challenges to sections 1026.2(b) and (c) and the Conditional Release Outpatient Program because they are triggered only by an application for release under section 1026.2 and are subsumed within California's statutory scheme for releasing insanity acquittees. Accordingly, this Court lacks jurisdiction to address these claims as well.

Because Hartman lacks standing to challenge the constitutionality of California's statutory scheme for releasing insanity acquittees, sections 1026.2(b) and (c), and the Conditional Release Outpatient Program, the district court's dismissal of the petition based on the merits was erroneous. The district court lacked jurisdiction to consider the merits of these claims and should have dismissed them on that ground.[6]

### III.

We turn to the only claim remaining before us. Hartman argues that the state trial court improperly applied the doctrine of imperfect self-defense. The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. *Calderon v. Prunty*, 59 F.3d 1005, 1008 (9th Cir.1995).

**5.** Although Hartman's attorney stated at oral argument that since Hartman's appeal to this Court, he has filed a state application for release, we are limited in review of this case to the record before us.

**6.** Since Hartman lacks standing to challenge these claims, we decline to address the issue of ripeness.

In reviewing a district court's grant or denial of a habeas corpus petition, the state court's factual conclusions are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Melugin v. Hames,* 38 F.3d 1478, 1482 (9th Cir.1994). A state court's ruling on questions of state law should be "accepted" by the federal court. *Id.* An error of state law may constitute a basis for federal habeas relief only when due process rights are violated. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 479–80, 116 L.Ed.2d 385 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

██ Under California law, second-degree murder is defined as the unlawful killing of a human being with malice aforethought. Cal.Penal Code § 187. Under the imperfect self-defense doctrine, a killing amounts to voluntary manslaughter if the defendant acts with an honest but unreasonable belief that it is necessary to defend himself from imminent threat to life or great bodily injury. *In re Christian S.,* 7 Cal.4th 768, 30 Cal.Rptr.2d 33, 35, 872 P.2d 574, 576 (1994). The imperfect self-defense doctrine requires that the trier of fact find that the defendant had an actual belief of imminent harm. *Id.* 30 Cal. Rptr.2d at 42, 872 P.2d at 583. "Without this finding, imperfect self-defense is no defense." *Id.*

Hartman argues that the trial judge erroneously incorporated a requirement of "reasonable belief" in the imperfect self-defense doctrine. It is clear from the transcript that the trial judge found that Hartman did not have an actual fear of imminent harm. This finding of fact is presumed to be correct. Hartman has failed to rebut this presumption.

AFFIRMED.