Randy MATNEY, Petitioner–Appellant,

v.

Terry L. STEWART, Respondent–Appellee.

No. 00–16037.

D.C. No. CV–98–00348–WDB.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2000.[1]

Decided Jan. 22, 2001.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, we review the district court's denial of a section 2254 habeas corpus petition de novo, *see Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000), and we affirm.

Because Matney filed his habeas petition on July 28, 1998, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. *See Lopez v. Thompson,* 202 F.3d 1110, 1116 n. 5 (9th Cir. 2000). Thus, we grant habeas relief only if the petitioner demonstrates that the state court's adjudication of the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1504, 146 L.Ed.2d 389 (2000) (citing 28 U.S.C. § 2254(d)(1)); *Weighall v. Middle,* 215 F.3d 1058, 1060 (9th Cir.2000).

Before CHOY, WALLACE, and FARRIS, Circuit Judges.

### MEMORANDUM[2]

Randy Matney ("Matney"), an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for armed robbery. Matney contends that his due process rights were violated because the State breached the plea agreement. He also claims that the trial court violated the prohibition against double jeopardy by imposing an aggravated sentence based on dismissed allegations related to a prior offense.[3]

Matney first contends that the State breached its plea agreement by arguing for imprisonment based on his violent past and prior felony conviction after it had agreed to dismiss the allegations of dangerousness and prior convictions that it had previously filed with the court. Due process requires that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Here, the trial court found no evidence that the State promised not to

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**3.** Matney also raises an Eighth Amendment argument on appeal. We previously denied a certificate of appealability as to this claim. Because we limit our review to those issues for which a certificate of appealability was granted, we decline to address this issue. *See* 28 U.S.C. § 2253(c); *Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999).

ask for imprisonment or promised not to present evidence of Matney's prior conviction at sentencing. Because the trial court's finding is clear, and Matney has not shown it to be incorrect, we adopt this finding. *See* 28 U.S.C. § 2254(e); *Solis v. Garcia*, 219 F.3d 922, 926 (9th Cir.2000) ("The state court's factual findings are entitled to a presumption of correctness unless the petitioner rebuts the presumption with clear and convincing evidence."). The trial court also concluded that Matney "received the benefit of the plea agreement because he received the opportunity for probation and a lesser sentence if imprisoned." We accept this conclusion as a state court's ruling on a question of state law. *See Hartman v. Summers*, 120 F.3d 157, 161 (9th Cir.1997) ("A state court's ruling on questions of state law should be 'accepted' by the federal court."). Based on the foregoing, the State fulfilled its promises that may have induced Matney to accept the plea agreement. Thus, Matney has not successfully demonstrated that the state court's decision regarding alleged breach of the plea agreement was against established federal law.

■■■ Matney next claims that the sentencing court erred when it considered as an aggravating factor the predatory nature of a prior offense for which he was not convicted. His argument is unavailing. First, due process is not violated when sentencing courts consider a defendant's past criminal behavior even where no conviction resulted. *See Nichols v. United States*, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994); *Williams v. New York*, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Where the ultimate sentence falls within the sentencing range prescribed by statute, a judge may consider a wide variety of factors involving both the current offense and the offender's past conduct in making a sentencing determination. *See Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2358, 147 L.Ed.2d

435 (2000). Here, the trial judge imposed an aggravated sentence as a result of considering Matney's criminal history as presented in the presentence report and what he found to be an attempt to minimize the prior felony at sentencing. Because the sentence prescribed was within the range imposed by the statute, the state court decision comported with federal law.

■■■ Second, the judge's actions did not violate the federal prohibition against double jeopardy. Matney contends that he is receiving additional punishment for his earlier offense. *See, e.g., Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) ("[The Double Jeopardy Clause] protects against multiple punishments for the same offense."). However, "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature, ... the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent...." *Id.* at 499. The state trial court made no finding in this regard. Under a plain reading of the sentencing statute, the Arizona legislature intended to require judges to consider as aggravating factors not only prior felonies, but any other factor the judge deemed "appropriate" to reach a just decision. *See* Ariz.Rev.Stat. Ann. § 13–702(C). Here, the judge's considerations are within this broad mandate. Thus, the trial court did not violate the federal prohibition against double jeopardy.

Accordingly, the sentencing court's use of an allegation that was dismissed in a prior plea agreement to enhance Matney's sentence for the indicted offense did not violate federal law.

AFFIRMED.