**Angela BERNHARDT, Plaintiff–Appellant,**

v.

**COUNTY OF LOS ANGELES; Lloyd W. Pellman, individually; Lloyd W. Pellman, in his official capacity, Defendants–Appellees.**

No. 00–55524.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2001

Filed Feb. 4, 2002.

---

3. In a separate unpublished order, we have authorized the district court to release Hardy on bail pending resentencing.

Michael R. Mitchell, Los Angeles, CA, for the plaintiff-appellant.

Jonathan H. Geller, Senior Deputy County Counsel, Los Angeles, CA, for the defendants-appellees.

Before: BOOCHEVER, FERNANDEZ and FISHER, Circuit Judges.

FISHER, Circuit Judge:

Appellant Angela Bernhardt's § 1983 lawsuit alleged that the County of Los Angeles settles civil rights actions only on 1670 a lump sum basis that includes all attorney fees, and that such a policy interferes with her implicit right under 42 U.S.C. § 1988 to obtain an attorney. The district court dismissed the suit sua sponte, ruling on the basis of Bernhardt's complaint that she lacked standing. We have jurisdiction under 28 U.S.C. § 1291 and we reverse. On de novo review, we hold that Bernhardt's complaint sufficiently established standing. Although Bernhardt's claims for prospective relief are moot, we hold that a live controversy remains because of the possibility that Bernhardt may be awarded actual or nominal damages.

## BACKGROUND

### A. Evans v. Jeff D.

This action must be viewed in the context of Evans v. Jeff D., 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986). In Evans, plaintiffs in a class action suit entered into a settlement that included a waiver of statutory attorney fees under 42 U.S.C. § 1988, which permits an award of fees to a prevailing party in a federal civil rights lawsuit.[1] Plaintiffs argued that the district court should have rejected the fee waiver as inconsistent with § 1988. They contended the fee waiver was a product of coercion because it exploited the ethical obligation of plaintiffs' counsel to recommend any settlement that was in the best interests of the clients. Id. at 729. Concluding "that it is not necessary to construe the Fees Act [i.e., § 1988] as embodying a general rule prohibiting settlements conditioned on the waiver of fees in order to be faithful to

---

1. 42 U.S.C. § 1988(b) provides in pertinent part:

 In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs ....

the purposes of that Act," the Court rejected plaintiffs' claims. *Id.* at 737–38. But the Court suggested that § 1988 might prohibit fee waivers in three specific situations. First, § 1988 might bar a governmental unit from implementing a "statute, policy, or practice" precluding the payment of attorney fees in settlements of civil rights cases. *Id.* at 739–40, 106 S.Ct. 1531. Second, a district court might be required to disapprove a fee waiver that was part of "a vindictive effort to deter attorneys from representing plaintiffs in civil rights suits." *Id.* at 740, 106 S.Ct. 1531. Finally, an action might lie if it were shown that fee waivers have had the effect, "in the aggregate and in the long run," of shrinking "the pool of lawyers willing to represent plaintiffs in such cases," thereby "constricting the effective access to the judicial process for persons with civil rights grievances which the Fees Act was intended to provide." *Id.* at 741 n. 34, 106 S.Ct. 1531 (internal quotation marks omitted). Noting that comment on this last issue was "premature," the Court added "that as a practical matter the likelihood of this circumstance arising is remote." *Id.*

Then, in *Willard v. City of Los Angeles,* 803 F.2d 526 (9th Cir.1986), the plaintiffs settled a civil rights action in exchange for a lump sum, which included all attorney fees potentially recoverable under § 1988. *Id.* at 527. They nonetheless moved for an award of attorney fees, arguing that the settlement was unenforceable. *Id.* The district court denied the motion. We affirmed, but, following *Evans,* stated that a settlement waiving fees might be unenforceable if the governmental unit had a "statute, policy, or practice requiring waiver of fees as a condition of settlement or ... it has vindictively sought to deter attorneys from bringing civil rights suits." *Id.* at 528.

**B.** *Bernhardt's Complaint.*

In this case, Bernhardt sought to pick up where *Evans* and *Willard* left off. Bernhardt alleged that the County of Los Angeles and county counsel Lloyd W. Pellman (collectively, "the County") have, since 1978, had a custom, practice and policy to offer or accept settlements in federal civil rights cases only for a "lump sum, including all attorney's fees." Bernhardt alleged that the policy had deprived her of her "implied federal statutory right under 42 U.S.C. Section 1988" to contract with an attorney for representation in exchange for an assignment to the attorney of the right to seek statutory attorney fees. The County's policy, she alleged, violates the Supremacy Clause by implicitly repealing § 1988. *See* U.S. Const. art. VI, cl. 2. She sought declaratory and injunctive relief, compensatory and punitive damages and attorney fees and costs.

Bernhardt more specifically alleged the County's policy deprived her of the opportunity to obtain a civil rights lawyer to represent her in a separate § 1983 action against County law enforcement officials for use of excessive force ("the underlying action"). Between October 1998 and January 1999, she said, she contacted eight attorneys or law firms to represent her. None of the attorneys took her case, even though some commented positively about the merits of her claims. One of the attorneys allegedly told Bernhardt that it was the County's lump sum settlement policy that precluded him from representing her. Bernhardt ultimately filed the underlying action in pro per, the case was dismissed and Bernhardt appealed. Bernhardt's complaint alleged that she would be able to obtain a lawyer in the appeal of the underlying action if she obtained injunctive or declaratory relief in the instant action. Subsequent to the dismissal of the instant action, we dismissed the appeal in Bern-

hardt's underlying action. Thus, the underlying action is no longer pending.

### C. *The District Court's Dismissal.*

The district court, looking solely to the allegations in Bernhardt's complaint, sua sponte dismissed Bernhardt's action for lack of standing. First, the court noted that Bernhardt, unlike the *Willard* plaintiffs, was not a prevailing party in her § 1983 lawsuit and therefore was not entitled under § 1988 to attorney fees that she was forced to waive in settlement. Thus, the district court reasoned, she did not have standing to raise the issue left open by *Evans* and *Willard.* Second, the district court further found that Bernhardt's factual allegations inadequately established the Article III standing requirements of injury and causation. The court stated, "allegations that some attorneys refused to represent the plaintiff for various other reasons, and that one attorney told the plaintiff he would not take her case because of the County's alleged 'lump sum' settlement policy, do not show that the County's alleged settlement policy prevented the plaintiff from obtaining counsel." [2] Finally, the court found Bernhardt's allegations too speculative. It was pure speculation that a settlement would be offered in her case, or that the County would require her to waive fees in the event of settlement.

### I.

■ Standing is a question of law reviewed de novo. *S.D. Myers, Inc. v. City and County of San Francisco,* 253 F.3d 461, 474 (9th Cir.2001).

■ Because the district court sua sponte dismissed Bernhardt's complaint on its face, we will review her standing as if raised in a motion to dismiss. "When reviewing motions to dismiss, we must 'accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party....'" *Western Ctr. for Journalism v. Cederquist,* 235 F.3d 1153, 1154 (9th Cir.2000) (per curiam) (quoting *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999)). "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Graham v. FEMA,* 149 F.3d 997, 1001 (9th Cir.1998) (quoting *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). "We need not, and do not, speculate as to the plausibility of [plaintiff's] allegations ...." *Western Ctr. for Journalism,* 235 F.3d at 1154. "[W]e consider only the facts alleged in the complaint and in any documents appended thereto." *Id.* at 1154 n. 1. "A plaintiff needs only to plead general factual allegations of injury in order to survive a motion to dismiss, for 'we presume that general allegations embrace those specific facts that are necessary to support the claim.'" *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1156 (9th Cir.2000) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

### II.

■ As an initial matter, the County contends there was no subject matter jurisdiction in the district court because

---

**2.** The district court did not accurately characterize Bernhardt's allegations. She did not articulate the reasons seven of the eight attorneys and law firms declined her case and, therefore, did not allege that these law firms declined to represent her for reasons "other" than the County's policy.

Bernhardt's claim was brought under 42 U.S.C. § 1988, which does not provide independent jurisdiction. It is true that " 'section 1988 does not by its terms confer subject matter jurisdiction upon federal courts, but rather relies upon the provisions of other federal statutes, such as section 1983 read in conjunction with 28 U.S.C. § 1343 (1988), ... to confer subject matter jurisdiction.' " *Branson v. Nott,* 62 F.3d 287, 293 (9th Cir.1995) (quoting *Keene Corp. v. Cass,* 908 F.2d 293, 298 (8th Cir.1990)). But Bernhardt's complaint was brought under 42 U.S.C. § 1983 rather than § 1988. The phrase "42 U.S.C. Section 1983" appears in the caption of the complaint. In addition, the language used in the complaint, stating that Bernhardt has been "deprived, under color of law, of her implied federal statutory right" under § 1988, closely tracks the language of § 1983.[3] Thus, the district court had subject matter jurisdiction.[4]

### III.

■ Bernhardt also raises a preliminary matter. She contends the district court lacked authority to dismiss sua sponte her action for lack of standing. We disagree. "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.,* 192 F.3d 1260, 1264 (9th Cir.1999); *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). The district court had both the power and the duty to raise the adequacy of Bernhardt's standing sua sponte.

### IV.

We next turn to whether the district court erred in concluding that Bernhardt's complaint failed to establish standing. We examine whether Bernhardt had standing at the time the lawsuit was filed, and separately consider whether her case has become moot. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 190–91, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (discussing distinction between standing and mootness). For the purposes of the standing inquiry, we assume Bernhardt's appeal in her underlying action is still pending, although we do not do so when addressing mootness.

■ To satisfy Article III's standing requirements, a plaintiff must show (1) she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a

---

3. 42 U.S.C. § 1983 provides in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

4. The County has not filed a motion under Fed.R.Civ.P. 12 contending that Bernhardt does not state a claim upon which relief can be granted under § 1983 or otherwise contending that Bernhardt's claims fail to state a cause of action. Whether a party has standing is distinct from whether she has asserted a cause of action. *See Davis v. Passman,* 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). Accordingly, we do not reach the question of whether Bernhardt properly states a claim pursuant to § 1983 or otherwise states a claim upon which relief can be granted.

favorable decision. *Laidlaw,* 528 U.S. at 180–81, 120 S.Ct. 693. To satisfy prudential standing requirements, the plaintiff also must show she falls within the "zone of interests" of the applicable law. *On the Green Apartments L.L.C. v. City of Tacoma,* 241 F.3d 1235, 1239 (9th Cir.2001).

### A. *Injury in Fact.*

■ Bernhardt's complaint alleged that the County's policy prevented her from obtaining a civil rights attorney in her underlying § 1983 action. The inability to obtain counsel is a concrete and particularized injury sufficient to establish standing. Bernhardt's claimed injury is by no means "a general or amorphous harm," *Nat'l Wildlife Fed'n v. Burford,* 871 F.2d 849, 852 (9th Cir.1989), nor is it a mere generalized grievance. *See Lujan,* 504 U.S. at 575, 112 S.Ct. 2130.

### B. *Causation.*

■ Bernhardt asserted her injury was fairly traceable to the County's policy. For the purposes of assessing standing, we accept as true Bernhardt's factual allegation that, "[a]s a direct result of the 'lump sum' settlement policy, plaintiff has been unable to obtain a civil rights lawyer." At this stage of the proceedings, we do not speculate as to the plausibility of this allegation, *Western Ctr. for Journalism,* 235 F.3d at 1154, or as to its sufficiency to establish liability. *See Parsons v. Del Norte County,* 728 F.2d 1234, 1240 (9th Cir.1984) (Poole, J., concurring) ("The point is not whether these arguments will prevail but whether they have enough substance to require addressing."). Bernhardt's general factual allegations are presumed to " 'embrace those specific facts that are necessary to support [standing].' " *LSO, Ltd.,* 205 F.3d at 1156 (quoting *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130). Of course, at subsequent stages of the pro-

ceedings Bernhardt will be required to offer specific facts showing that her inability to obtain the services of an attorney to handle her civil rights case was fairly traceable to the County's policy. *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130. Because we look only to the face of the complaint, however, we conclude that Bernhardt's pleading adequately established the causation element required for standing.

### C. *Redressability.*

Bernhardt contended the declaratory and injunctive relief she sought would redress her injuries. Her complaint stated, "Plaintiff filed a timely notice of appeal [in the underlying action], and now desperately needs a lawyer to represent her in that appeal, in order to salvage and effectively prosecute it." Her complaint also stated, "Plaintiff desires to retain a civil rights lawyer to represent plaintiff but plaintiff is precluded from doing so because of defendants' 'lump sum' settlement policy."

■ To establish redressability, Bernhardt must show that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Laidlaw,* 528 U.S. at 181, 120 S.Ct. 693. A claim may be too speculative if it can be redressed only through "the unfettered choices made by independent actors not before the court[ ]." *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130 (quoting *ASARCO Inc. v. Kadish,* 490 U.S. 605, 615, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989)). In *Lujan,* for example, the plaintiffs challenged a policy of the Secretary of the Interior requiring federal agencies to consult with him about the effect of their actions on endangered species in the United States. Plaintiffs sought declaratory and injunctive relief requiring the Secretary to require consultation on foreign actions as well. Because other federal agencies

were not bound by the Secretary's regulation, the relief sought would not have remedied the plaintiffs' injury and, therefore, the plaintiffs lacked standing. 504 U.S. at 571, 578, 112 S.Ct. 2130. *See also Pritikin v. Dep't of Energy,* 254 F.3d 791, 799–801 (9th Cir.2001) (redressability requirement not satisfied where plaintiff sought to force Department to make budget request but there was no guarantee request would be funded by third party), *petition for cert. filed,* 70 U.S.L.W. 3410 (U.S. Dec. 5, 2001) (No. 01–892); *San Diego County Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1130 (9th Cir.1996) (no standing to challenge Crime Control Act where, although law restricted supply of weapons, it was third-party weapons dealers and manufacturers—not the government defendants—who raised the prices of assault weapons).

 Here, too, prospective relief against the County would not necessarily remedy Bernhardt's alleged injury because third parties are involved. A change in the County's alleged policy would not require a change in the behavior of the private attorneys who declined to represent her. Bernhardt did not allege that the attorney who expressly told her that he turned her down solely because of the County's policy would represent her in her underlying appeal if the policy was enjoined or declared invalid. Despite the speculative nature of her claim of redressability, however, Bernhardt is entitled at this stage of the litigation to have her allegations accepted as true and therefore we conclude that her complaint satisfied the redressability requirement. At subsequent stages of the litigation, Bernhardt would have to demonstrate specific facts showing that she would have obtained counsel if the County's policy were invalidated.

### D. *Zone of Interests.*

 Bernhardt falls within the "zone of interests" protected by § 1988. To satisfy the zone of interests requirement, all that is required is a rough correspondence of the plaintiff's interests with the statutory purposes. *Presidio Golf Club v. Nat'l Park Serv.,* 155 F.3d 1153, 1158 (9th Cir.1998). Congress enacted § 1988 "to attract competent counsel to represent citizens deprived of their civil rights." *Evans,* 475 U.S. at 731, 106 S.Ct. 1531. Because she alleged the County's policy prevented her from attracting competent counsel, Bernhardt's complaint falls within the "zone of interests" of § 1988. Indeed, in *Evans,* the Supreme Court expressly foreshadowed claims by plaintiffs in Bernhardt's position:

> We are cognizant of the possibility that decisions by individual clients to bargain away fee awards may, in the aggregate and in the long run, diminish lawyers' expectations of statutory fees in civil rights cases. If this occurred, the pool of lawyers willing to represent plaintiffs in such cases might shrink, constricting the "effective access to the judicial process" for persons with civil rights grievances which the Fees Act was intended to provide. H.R.Rep. No. 94 1558, p. 1 (1976). That the "tyranny of small decisions" may operate in this fashion is not to say that there is any reason or documentation to support such concern at the present time [1986]. Comment on this issue is therefore premature at this juncture.

475 U.S. at 741 n. 34, 106 S.Ct. 1531. Fifteen years after *Evans,* we agree with the Supreme Court "that as a practical matter the likelihood of this circumstance arising is remote," *id.,* but, as we have said, we do not assess the plausibility of

plaintiff's factual allegations at this stage of the litigation.

## V.

We therefore hold that Bernhardt had standing at the time of the filing of her complaint. The district court erred in several respects in concluding otherwise. First, the court should have accepted as true Bernhardt's allegation that she would have obtained counsel in the absence of the County's policy. Second, the court misunderstood the nature of the injury-in-fact alleged to have been suffered by Bernhardt. Because Bernhardt alleged that she was injured by her inability to obtain an attorney and not by denial of attorney fees to which she was entitled, the court's focus on whether Bernhardt was a prevailing party or had been forced to waive fees, like the plaintiffs in *Willard*, was misplaced. The district court's misunderstanding of Bernhardt's alleged injury also led it to rely erroneously on *Hartman v. Summers*, 120 F.3d 157 (9th Cir.1997). In *Hartman*, we found an absence of standing because Hartman sought relief for *future* injuries that were speculative and hypothetical. *Id.* at 160. Although we agree that Bernhardt's allegations of injury would be too speculative to confer standing were she to allege a deprivation of a right to attorney fees, we conclude that *Hartman* is inapposite because Bernhardt seeks relief instead for a concrete and particularized *past* and (at the time her complaint was filed) *continuing* injury— the inability to obtain a civil rights lawyer in the underlying action.

## VI.

Even if Bernhardt had standing at the time her lawsuit commenced, however, her claim may have become moot. *See Laidlaw*, 528 U.S. at 191–92, 120 S.Ct. 693. An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1095 (9th Cir.2001). Although mootness was not raised by the County or briefed by the parties—other than Bernhardt's assertion that injuries "capable of repetition, yet evading review" are an exception to mootness—we must raise issues concerning our subject matter jurisdiction sua sponte. *Wakefield v. Thompson*, 177 F.3d 1160, 1162 (9th Cir.1999). This includes mootness. *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir.1999). Accordingly, we raised mootness at oral argument and, based on the statements of counsel made there, we must conclude that Bernhardt's claims for prospective relief are moot, although we hold that her possible entitlement to nominal damages creates a continuing live controversy.

### A. *Declaratory and Injunctive Relief.*

Where the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed. *Seven Words*, 260 F.3d at 1095. Because the appeal in Bernhardt's underlying action has been dismissed and that case is no longer pending, we conclude that Bernhardt's claims for prospective relief are moot.

We reject Bernhardt's contention that jurisdiction nonetheless exists because her injury is of the kind that is "capable of repetition, yet evading review." *See, e.g., Laidlaw*, 528 U.S. at 190–91, 120 S.Ct. 693. "The 'capable of repetition, yet evading review' exception to mootness applies only when (1) the challenged action is too short in duration to be fully litigated before cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action

again." *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir.2000), cert. denied, 532 U.S. 905, 121 S.Ct. 1228, 149 L.Ed.2d 138 (2001). We find no indication in Bernhardt's complaint that she will be subjected to the same situation again. As a practical matter, we also note that other litigants are capable of challenging the County's alleged policy. For instance, a civil rights plaintiff in Bernhardt's position who is unable to obtain counsel might be able to stay her underlying action to pursue a separate challenge to the County's policy.

### B. Damages.

▆ Because Bernhardt's underlying appeal is no longer pending, her claim that there remains a live controversy rests on whether she has standing to pursue damages. Bernhardt's complaint seeks compensatory and punitive damages. At oral argument, Bernhardt contended that she could obtain actual damages because she would have prevailed in her underlying action if she had been represented by counsel. Bernhardt analogized her damages claim to a claim for legal malpractice. We are doubtful that Bernhardt's damages claims are plausible, and we note that a claim for damages that is too speculative in some circumstances precludes standing. *See, e.g., Maricopa–Stanfield Irrigation and Drainage Dist. v. United States*, 158 F.3d 428, 434 (9th Cir.1998) (analyzing whether plaintiff's claims of damages were too speculative to establish an injury-in-fact and confer standing). But we accept her allegations because we examine only the face of her complaint and therefore conclude that she has standing to pursue her claim for damages.

▆ We also note that, if she is unable to prove actual damages, Bernhardt still may be entitled to nominal damages on the basis that the County's policy interfered with her implied federal right to obtain counsel in a civil rights action. *See United States v. Marolf*, 173 F.3d 1213, 1219 (9th Cir.1999) (stating that nominal damages are available in § 1983 action where the violation of a legal or constitutional right produces no actual damages); *Draper v. Coombs*, 792 F.2d 915, 921–22 (9th Cir.1986) (permitting nominal damages in § 1983 action for violations of both statutory and constitutional rights). "Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). "By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury . . . ." *Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). A live claim for nominal damages will prevent dismissal for mootness. *See, e.g., Beyah v. Coughlin*, 789 F.2d 986, 988–89 (2d Cir.1986) (holding that, although plaintiff's claims for prospective relief may have been moot, case was not moot where complaint sought compensatory and punitive damages because plaintiff might be entitled to recover nominal damages even if plaintiff could not establish actual damages); *Lokey v. Richardson*, 600 F.2d 1265, 1266 (9th Cir.1979) (per curiam) (holding that, although claim for injunctive relief was mooted, case was not moot because plaintiff prayed for damages and, regardless of actual damages, plaintiff could be entitled to nominal damages); *see also Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807, 812 (9th Cir.1997) (holding that, although actual damages

claim might be rendered moot, case was not moot because plaintiff could still obtain nominal damages); *Chew v. Gates*, 27 F.3d 1432, 1437 (9th Cir.1994) (same).

## VII.

We reverse the district court's sua sponte dismissal of Bernhardt's action for lack of standing. The allegations made in Bernhardt's complaint established standing. We hold, however, that Bernhardt's claims for prospective relief are moot because the underlying action is no longer pending. We nonetheless hold that she may be entitled to compensatory, punitive or nominal damages and, therefore, that she presents a sufficient live controversy to avoid mootness. We thus reverse and remand this case to the district court for further proceedings.

**REVERSED and REMANDED.**