**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES P. DEFAZIO; et al., | No. 12-15973 |
| Plaintiffs - Appellants, | D.C. No. 2:04-cv-01358-WBS-GGH |
| And | |
| KATHLEEN ELLIS, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| HOLLISTER EMPLOYEE SHARE OWNERSHIP TRUST; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| JAMES P. DEFAZIO; et al., | No. 12-16099 |
| Plaintiffs - Appellees, | D.C. No. 2:04-cv-01358-WBS-GGH |
| v. | |
| HOLLISTER EMPLOYEE SHARE OWNERSHIP TRUST; et al., | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Defendants,

And

ALLAN F. HERBERT; et al.,

Defendants - Appellants.

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted March 11, 2015
San Francisco, California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

A group of former participants in the Hollister Employee Share Ownership Trust ("Plan Participants" and the "Plan," respectively) sued the Plan, Hollister, Inc., Hollister's parent company The Firm of John Dickinson Schneider, Inc. ("JDS"), and various Plan fiduciaries for violation of their rights under the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1001 *et seq*. The parties are familiar with the facts underlying this eleven-year dispute, and we do not recount them here.

## I.      The Appeal

The Plan Participants appeal the district court's judgment in favor of the defendant companies and fiduciaries following multiple pre-trial motions and a

fifteen-day bench trial. The district court entered careful and detailed orders explaining its pre-trial rulings, as well as extensive findings of fact and conclusions of law following trial.

## A. The 1999 Transaction

We affirm the district court's determination on summary judgment that the Plan Participants lacked standing to pursue relief on the 1999 Transaction, in which JDS preferred shares were transferred to a trust rather than distributed to Hollister employees. The fact that the plaintiffs are former—not current—plan participants does not undermine their statutory standing under ERISA. *See LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 256 (2008); *Harris v. Amgen, Inc.*, 573 F.3d 728, 735 (9th Cir. 2009). However, the stacked assumptions and speculation surrounding this claim do not support Article III's standing requirements of traceability and redressability. *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 869 (9th Cir. 2002) (noting that injury must be "fairly traceable" to alleged misconduct and that a claim is not redressable as "too speculative if it can be redressed only through 'the unfettered choices made by independent actors not before the court'") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

## B. Post-1992 Plan-JDS Share Repurchases

3

At trial, the district court determined that "because . . . the fiduciaries' breaches of their duties did not cause a material harm to the Plan, plaintiffs are not entitled to damages." That conclusion remains unchallenged on appeal. The Plan Participants affirmatively abandoned their claim to monetary relief, but continue to pursue their claims for equitable relief. To the extent any additional money damages claim might underlie the claim for equitable relief, the Plan Participants waived that claim.

Notably, both in their briefs and at oral argument, the Plan Participants could not articulate proposed equitable relief that is not tied into or an end-run around their claim for monetary relief. To the extent such a claim could be divined, the Plan Participants, who have already cashed out of the Plan, lack Article III standing as to redressability vis-a-vis their claims for prospective equitable relief. *See Mayfield v. United States,* 599 F.3d 964, 970 (9th Cir. 2010) ("Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects. [*Lujan*, 504 U.S. at 564.] Nor does speculation or 'subjective apprehension' about future harm support standing.") (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 184 (2000)). "Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a 'real or immediate

4

threat . . . that he will again be wronged in a similar way.'" *Id.* (omission in original) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

In light of this determination, we not specifically address every claim the Plan Participants raise on appeal.[1]  With respect to most of the Plan Participants' claims, any error was harmless in view of the unavailability of the requested equitable relief and the waiver and abandonment of monetary claims.

## C.     Pre-1993 Plan-JDS Share Repurchases

The district court dismissed the pre-1993 share repurchase claims on the basis of the ERISA statute of limitations.  29 U.S.C. § 1113.  We need not parse the active/passive distinction for the "fraud or concealment" exception to the statute of limitations for two reasons: (1) the Plan Participants abandoned their claim for monetary damages, and (2) the district court determined that "[i]f the court's finding that plaintiffs' claims based on defendants' conduct from 1982 to 1992 is reversed for any reason, the remainder of the court's analysis in this Order

---

[1] The Plan Participants' failure to show damages or entitlement to equitable relief also bars recovery on their claim that the restrictions on the transferability of JDS stock in the JDS Articles were invalid as preempted by ERISA.  This argument is unpersuasive for an independent reason.  ERISA preempts "State laws."  29 U.S.C. § 1144(a).  Contracts between private parties, such as the JDS Articles, are not state laws. *See Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. California*, 159 F.3d 1178, 1183 n.2 (9th Cir. 1998) ("We see no merit in AGC's argument that simply because a contract is legal and enforceable it has the effect of law of a state.").

of plaintiffs' post-1992 claims would apply equally to their time-barred claims." The infirmities in the Plan Participants' monetary and equitable claims for post-1992 JDS share repurchases apply with equal force to the pre-1993 claims.

###### D.    Amendments to the JDS Articles of Incorporation

To the extent that the Plan Participants argue that passive concealment has tolled ERISA's statute of limitations with respect to the 1978, 1980, and 1984 amendments to the JDS Articles of Incorporation, we reject that argument.  As the district court noted, all the amendments to the Articles of Incorporation were filed with the Illinois Secretary of State.  Thus, even assuming that passive concealment might toll ERISA's statute of limitations, the record would not support a claim of passive concealment here.

###### E.    Excessive Sales of JDS Stock

To the extent that the Plan Participants appeal the district court's rejection of their allegations that Plan trustees sold more shares of JDS stock than necessary in 1982, 1987, and 1993, their argument fails because—as the district court held after trial—they have not proposed or sought any remedy with respect to this claim. The Plan Participants do not contest this holding on appeal; thus, they have waived any challenge to the district court's ruling on this claim.

#### II.    Qualified Domestic Relations Orders

6

Separately, James DeFazio raises an issue relating to the handling of his portion of his former wife's Plan account. We conclude that these orders were "qualified domestic relations orders" under ERISA and complied with the Act's requirements. *See* 29 U.S.C. § 1056(d)(3)(D). DeFazio's related claims are without merit.

## III.  The Cross-Appeal

In their cross-appeal, the defendant companies and fiduciaries ask us to reverse the district court's finding of breach of fiduciary duties, the statute of limitations ruling permitting the post-1992 transactions to proceed to trial, the district court's holding that the Hollister Board had a duty to monitor the Plan trustees, and other issues. We offer no judgment or view on those issues as it is unnecessary to address them in light of our affirmance of the district court's judgment in favor of the defendant companies and fiduciaries.

**AFFIRMED.**