**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONO COUNTY, County Counsel, | No. 15-16342 |
| Plaintiff-Appellee, | D.C. No. 3:73-cv-00128-RCJ-WGC |
| MINERAL COUNTY, | |
| Intervenor-Plaintiff-Appellant, | MEMORANDUM[*] |
| WALKER LAKE WORKING GROUP, | |
| Defendant-Appellant, | |
| and | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| WALKER RIVER PAIUTE TRIBE, | |
| Intervenor-Plaintiff, | |
| v. | |
| WALKER RIVER IRRIGATION DISTRICT; NEVADA DEPARTMENT OF WILDLIFE; FENILI FAMILY | |

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

TRUST, c/o Peter Fenili and Veronica Fenili, Trustees; SIX N RANCH, INC., c/o Richard and Cynthia Nuti; MICHAEL NUTI; NANCY NUTI; RALPH E. NUTI; MARY E. NUTI; LAWRENCE M. NUTI; LESLIE NUTI; MICA FARMS, LLC, c/o Mike Faretto; JOHN AND LURA WEAVER FAMILY TRUST, c/o Lura Weaver, Trustee; SMITH VALLEY GARAGE, INC., c/o Dan Smith and Shawna Smith; DONALD GIORGI; LORIE MCMAHON; MERLE MCMAHON; CENTENNIAL LIVESTOCK; LYON COUNTY; ANNETT'S MONO VILLAGE; F.I.M. CORPORATION; R.N. FULSTONE COMPANY; JAMES T. FOUSEKIS, Trustee; CHRIS H. GANSBERG, Jr.; FAYE E. GANSBERG; TODD GANSBERG; HUNEWILL LAND & LIVESTOCK CO., INC.; DAVID SCEIRINE; PAMELA HAAS; VIRGINIA LAKE MUTUAL WATER COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted August 30, 2017
Pasadena, California

Before: TASHIMA, FISHER and BYBEE, Circuit Judges.

Mineral County appeals the dismissal of its claim that Nevada's public trust doctrine requires the modification of the 1936 Walker River Decree to ensure minimum water flows reach Walker Lake. In this memorandum, we address only the issue of standing. We reserve judgment on the remaining issues raised in this appeal pending certification to the Nevada Supreme Court.[1] We have jurisdiction under 28 U.S.C. § 1291. We review standing de novo, *see Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002), and we hold the district court erred in dismissing for lack of standing.

1. The district court erred by concluding Mineral County lacked standing because it sought relief solely on behalf of the general public as parens patriae. Mineral County did not seek relief solely on behalf of the general public. Mineral County also asserted a public trust claim on its own behalf, and Mineral County may sue to vindicate its own interests. *See United States v. City of Pittsburg*, 661 F.2d 783, 787 (9th Cir. 1981) (explaining that political subdivisions "may 'sue to vindicate . . . their own proprietary interests'" (quoting *In re Multidistrict Vehicle Air Pollution M.D.L. No. 31*, 481 F.2d 122, 131 (9th Cir. 1973))).

---

[1] Concurrent with this memorandum, we file an order certifying a question to the Nevada Supreme Court. Mineral County's public trust claim for the reallocation of the waters of Walker River and the Takings Clause claims under both federal and Nevada law are held in abeyance pending the result of certification.

2.  Mineral County meets each requirement for Article III standing:  "injury, causation, and redressability."  *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015).  To satisfy these elements, Mineral County

> must demonstrate that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action . . . ; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

*Injury in fact*:  Political subdivisions may establish injury in fact by asserting harm to their own proprietary interests – particularly economic injury such as the loss of tax revenues.  *See, e.g.*, *City of Oakland*, 798 F.3d at 1164 ("An expected loss of tax revenue can constitute a sufficient injury [to a city] for purposes of Article III standing."); *City of Sausalito*, 386 F.3d at 1197, 1199 (holding "Sausalito may sue to protect its own 'proprietary interests'" and that its asserted "management, public safety, economic, aesthetic, and natural resource harms" each constituted Article III injury); *accord City of Pittsburg*, 661 F.2d at 787.

4

Even ignoring the alleged harm to its aesthetic and natural resource interests, Mineral County alleged economic harm adequate to establish Article III injury. The County's amended complaint in intervention alleged that "[a]ctivities and businesses attributable to the presence and use of Walker Lake represent[] approximately 50% of the economy of Mineral County." It also alleged the "total loss of flows from Walker River into Walker Lake has degraded the quality of water in Walker Lake substantially," and that minimum flows into Walker Lake are necessary for the "maintenance of the economy of Mineral County." The County also filed an affidavit in connection with its motion to intervene asserting that "loss of water in the Lake" has decreased "fishing and other recreational activities," and that much of Mineral County's tax revenue is tied to these activities. Under *City of Sausalito* and *City of Oakland*, these harms to Mineral County's economy establish Article III injury. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (concluding "general factual allegations of injury" are sufficient at the pleading stage).

*Causation*: These allegations also demonstrate causation because the alleged harms are "fairly traceable" to the loss of water in Walker Lake, which is caused at least in part by upstream appropriators.[2]

---

[2] Although the parties dispute the cause of Walker Lake's troubles, it seems

(continued...)

5

*Redressability*:  Finally, Mineral County's requested relief – flows adequate to restore the water level and quality in Walker Lake – would likely redress its injuries.  As alleged, the harm to fishing, recreational and other activity in Walker Lake is directly related to the decline in water level and the accompanying degradation in water quality.

Walker River Irrigation District (WRID) disputes the redressability prong of standing, contending that even if the public trust doctrine applies, this court (or the Nevada Supreme Court) cannot order the Nevada legislature to amend Nevada's water laws, and the legislature would be unlikely to do so.

WRID is correct that standing may be denied when "the prospect of remedial benefit seems too remote [or] independent constraints foreclose any effective remedy."  13A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3531.6 & nn.12, 13 (3d ed. 2017) (collecting cases).  That is not the case here, however.  WRID sets out one possible outcome on the public trust issue.  But it is certainly plausible, under the public trust doctrine, that the court would require officials to reserve whatever flows were necessary to uphold the public trust as to Walker Lake.  No independent constraint would preclude that outcome.

---

[2](...continued)
clear that upstream appropriations play at least some part, along with declining precipitation levels and natural lake recession over time.

Mineral County, moreover, does not challenge Nevada's statutory water laws, and its requested relief – a modification of the Decree – would not require the legislature to act. Thus, Mineral County's requested remedy is among the "remed[ies] that the court [would be] prepared to give." *Id.*; *see also id.* (discussing the "risk that standing will be denied because hasty remedial determinations made at a preliminary stage do not reflect the full inventiveness that could be exhibited after trial").

The district court thus erred in holding Mineral County lacked standing to bring its public trust claim.

3. The district court concluded Walker Lake is not within the Walker River Basin, a determination Mineral County appeals. Although the question is not disputed by the parties in this action, we have contemporaneously decided in *United States v. United States Board of Water Commissioners*, No. 15-16316, that Walker Lake is within the Walker River Basin.

4. The Clerk is advised that this is not a dispositive memorandum. This appeal remains pending, but will be administratively closed as explained in our concurrently filed Certification Order.