NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOES, 1 through 16, inclusive,

Plaintiff-Appellant,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; et al.,

Defendants-Appellees.

No.   20-56234

D.C. No.
2:20-cv-09654-VAP-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted January 15, 2021
San Francisco, California

Before:  WALLACE and M. SMITH, Circuit Judges, and LASNIK,[**] District
Judge.
Concurrence by Judge WALLACE

Does 1 through 16 (Student-Athletes) appeal the district court's denial of their

motion for preliminary injunction.  Because the parties are familiar with the facts,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

we do not recount them here, except as necessary to provide context to our ruling. We review the district court's denial of the Student-Athletes' motion for preliminary injunction for abuse of discretion. *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc) (per curiam). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court properly held the Student-Athletes have standing to pursue their claims. "In order to have Article III standing, a plaintiff must establish (1) that it has suffered an injury in fact that is both concrete and particularized, and actual or imminent; (2) causation, meaning that the injury is fairly traceable to the complained-of action; and (3) redressability, which requires a likelihood that the injury will be remedied by a decision in the plaintiff's favor." *Epona v. Cnty. of Ventura*, 876 F.3d 1214, 1219 (9th Cir. 2017) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). Further obstacles to complete relief do not foreclose standing—plaintiffs are "not required to solve all roadblocks simultaneously and [are] entitled to tackle one roadblock at a time." *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 993 (9th Cir. 2012).

The government disputes that the Student-Athletes can show causation or redressability because "they have not shown that UCLA and LMU do not have ultimate control over the determination of whether to issue or cancel Form I-20s." However, UCLA's compliance with this guidance was not an "unfettered choice[]

2

made by an independent actor," but "a direct result" of ICE's policy. *Bernhardt v. Cnty. of L.A.*, 279 F.3d 862, 869 (9th Cir. 2002). Accordingly, injunctive relief would resolve at least one of the obstacles standing between the Student-Athletes and their participation in collegiate sports and academics.

2. The district court did not abuse its discretion in holding that the Student-Athletes did not demonstrate a likelihood of success on the merits of their arbitrary and capricious challenge.[1] The APA requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). "[T]he touchstone of 'arbitrary and capricious' review under the APA is reasoned decisionmaking." *Altera Corp. & Subsidiaries v. Comm'r of Internal Revenue*, 926 F.3d 1061, 1074 (9th Cir. 2019) (internal quotation marks omitted).

ICE's March and July Guidance documents do not constitute arbitrary and capricious agency action. ICE provided a reason for its action: to guide "SEVP-certified schools" while they "adapt their procedures and policies to address the significant public health concerns associated with the COVID-19 crisis." The

---

[1] The Student-Athletes did not address their notice and comment procedure claim in their opening brief—they only briefly mentioned it in their reply brief but then failed to discuss the good-cause exception. Accordingly, we decline to review this claim. *See United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995).

guidance documents were meant to address an emergency: nonimmigrant students' in-person classes immediately turning 100% online, rendering those students' presence in this country unlawful. Accordingly, there is a rational connection between the facts and the agency action. *See Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 28, 43 (1983).

Furthermore, the Student-Athletes' argument that ICE failed to consider their reliance interests is not persuasive. The March guidance specifically limited its application to continuing and returning international students. As such, it was unreasonable for the Student-Athletes to rely on this guidance in "moving forward with their plans to come to the United States to study" in the fall of 2020.

3. The district court did not abuse its discretion in holding that the Student-Athletes failed to demonstrate a likelihood of success on the merits of their due process claim. "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of Cal., Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972)).

The Student-Athletes argue that they have a protected liberty and property interest "in their visas and access to educational and athletic programs to which they have been admitted[,] recruited and . . . in which they have invested significant time,

4

energy, and money." Well settled law, however, precludes the Student-Athletes from arguing that they have a protected interest in obtaining or continuing to hold a visa. *See Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972). As to their allegedly protected interest in access to educational and athletic programs, the Student-Athletes do not cite any legal authority to support their position that this interest amounts to a protected property interest. We also find none. Without a protected liberty or property interest at stake, the Student-Athletes do not have a viable due process claim. *See Roth*, 408 U.S. at 569.[2]

Given that time is of the essence, we encourage the district court to expedite the handling of this case on remand.

**AFFIRMED**.

---

[2] We decline to address whether the Student-Athletes have demonstrated that they have a "substantial voluntary connection" with the United States and are therefore entitled to bring a constitutional challenge against the ICE guidance. *See Ibrahim*, 669 F.3d at 997.

*Does 1-16 v. USDHS*, No. 20-56234

WALLACE, Circuit Judge, concurring in the judgment:

I concur that the district court judge did not abuse her discretion in denying the preliminary injunction. I would go no further. "We review the district court's decision to grant or deny a preliminary injunction for abuse of discretion. Our review is limited and deferential." *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (citation omitted). "We do not review the underlying merits of the case." *Id.* (citation and quotation marks omitted).