**Oscar TARR, Plaintiff—Appellant,**

v.

**Bruce A. WARNER, in his official capacity as Director of the Oregon Department of Transportation, Defendant—Appellee.**

No. 02–35021.

D.C. No. CV–01–03031–CO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2003.

Decided Feb. 28, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before KLEINFELD and McKEOWN, Circuit Judges, and BREYER,* District Judge.

## MEMORANDUM **

The Oregon Motorist Information Act ("OMIA") [1] requires individuals to obtain a permit before erecting most signs visible from Oregon's highways, but exempts so-called "on-premises" signs. Appellant Oscar Tarr applied for a permit to erect an off-premises sign stating "Attend Applegate Christian Fellowship." The Oregon Department of Transportation ("ODOT") rejected the application and Tarr brought a section 1983 suit against the Director,

---

* The Honorable Charles R. Breyer, District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Oregon Revised Statute §§ 377.700 et. seq. (1999).

Bruce Warner, claiming that the OMIA violated Tarr's First Amendment rights. The district court reached the merits of Tarr's suit and granted summary judgment in Warner's favor. Tarr appeals. We review a district court's grant of summary judgment de novo.[2]

■ Warner argues that Tarr lacked standing to bring his First Amendment challenge because of a subsequent amendment to the OMIA. A party's standing is a question of law that we review de novo.[3] Tarr was injured as he applied for a permit to erect a sign and Warner rejected his application. The amendment to the OMIA is immaterial to the result as Warner admits that the ODOT removes noncomplying signs and Tarr would likely not receive a permit under the amended OMIA. Tarr alleges sufficient injury to satisfy the lowered standing requirements to challenge the OMIA.[4]

As to the merits of Tarr's appeal, we review a district court's ruling on the constitutionality of a state statute de novo.[5] Tarr argues that the OMIA violates the First Amendment in three ways.

■ First, Tarr argues that the OMIA unconstitutionally provides greater protection to commercial speech than noncommercial speech. The OMIA allows on-premises signs without a permit but not off-premises signs.[6] However, it defines on-premises signs with respect to location alone, not with respect to content.[7] The noncommercial sign at issue or a commercial sign would both be prohibited off-premises and would both be permitted without a permit on-premises without regard to content. This is plainly distinguishable from a situation where a sign ordinance exempts on-premises signs from permit requirements where "on-premises" is defined based on the sign's commercial character.[8] Thus, the OMIA is a content neutral time, place, and manner restriction.

■ Second, Tarr argues that the OMIA is unconstitutional because it lacks *Freedman*'s procedural safeguards. In *Thomas v. Chicago Park Dist.* the Supreme Court held that *Freedman* safeguards are not required for content-neutral time, place, and manner restrictions in public fora.[9] As stated above, the OMIA is a content-neutral time, place, and manner restriction that treats commercial and noncommercial speech equally. Thus, we apply *Thomas* and hold that *Freedman* is inapplicable to the OMIA.

Finally, Tarr argues that the OMIA unconstitutionally gives the Director unbridled discretion to grant permit applications. The district court refused to reach this issue because Tarr didn't properly present it. Federal appellate courts generally do not consider issues that the dis-

---

**2.** *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002).

**3.** *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir.2002).

**4.** *Desert Outdoor Advertising v. City of Moreno Valley*, 103 F.3d 814, 818 (9th Cir.1996); *See also Virginia v. American Booksellers Assn.*, 484 U.S. 383, 392–93, 108 S.Ct. 636, 98 L.Ed.2d 782 (1988).

**5.** *Montana Chamber of Commerce v. Argenbright*, 226 F.3d 1049, 1054 (9th Cir.2000).

**6.** *See* Or.Rev.Stat. § 377.735.

**7.** *Id.* at § 377.710(22).

**8.** *See Desert Outdoor Advertising*, 103 F.3d at 819–20.

**9.** 534 U.S. 316, 322, 122 S.Ct. 775, 151 L.Ed.2d 783 (2002).

trict court did not pass on below.[10] We decline to depart from this general rule. AFFIRMED.

---

**10.** *See Golden Gate Hotel Assn. v. City and County of San Francisco,* 18 F.3d 1482, 1487 (9th Cir.1994) (citing *Singleton v. Wulff,* 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)).

