Ian A. MCELROY; McElroy Construction Inc, Plaintiffs—Appellants,

v.

CITY OF CORVALLIS; Lee March, Corvallis Building Official; Ken Gibb, Corvallis Development; Jon Nelson, Corvallis City Manager; Scott Fewel, Corvallis City Attorney; James Brewer, Corvallis City Attorney, Defendants—Appellees.

No. 01–36136.

D.C. No. CV–00–06318–HO.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2003.*

Decided June 6, 2003.

Before LAY,** WALLACE, and TALLMAN, Circuit Judges.

MEMORANDUM ***

■ Ian A. McElroy appeals *pro se* the district court's dismissal of his 42 U.S.C. § 1983 action alleging that the City of Corvallis and its officials ("City") violated his constitutional rights and acted tortiously during the approval process for a commercial construction development project. The district court abstained pursuant to the doctrine announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We have jurisdiction pursuant

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to 28 U.S.C. § 1291. We vacate and remand.[1]

■ We first address whether McElroy has standing to bring this lawsuit. Standing is a question of law we review de novo. *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 867 (9th Cir.2002). "To satisfy Article III's standing requirements, a plaintiff must show (1)[he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Public Citizen v. Dep't of Transp.,* 316 F.3d 1002, 1015 (9th Cir.2003) (internal citation omitted).

We conclude that McElroy has standing in this case. McElroy claims that he was injured as a result of the City's discriminatory denial of Certificates of Occupancy and refusal to provide a fair appellate process. McElroy argues that he was personally injured because he was the original investor in the project and the person to whom previous certificates were issued. As a result of the City's alleged constitutional violations, McElroy contends that he lost his "business, livelihood, reputation, savings, and house." Finally, the record indicates that McElroy was personally cited for building code violations to which he pleaded no contest and paid a fine. These facts are sufficient to establish that McElroy may have suffered an injury in fact, traceable to the City's alleged discriminatory and tortious conduct, and for which redress is possible.

■ Next, we review whether the district court properly abstained pursuant to *Younger,* a decision we review de novo. *Green v. City of Tucson,* 255 F.3d 1086, 1093 (9th Cir.) (en banc), *cert. dismissed,* 533 U.S. 966, 122 S.Ct. 4, 150 L.Ed.2d 787 (2001). Because McElroy's § 1983 action would not directly interfere with his ongoing state court proceedings, we reverse.

A district court should abstain under *Younger* when: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims. *Green,* 255 F.3d at 1091, 1095. In addition, "the *Younger* doctrine applies only when ... the federal relief sought would interfere in some manner in the state court litigation." *Id.* at 1094. "[I]nterference is not present merely because a plaintiff chooses to instigate parallel affirmative litigation in both state and federal court." *Id.* at 1097. Nor is it sufficient that parallel federal and state court litigation may waste judicial resources and could lead to conflicting results. *Id.* at 1097–98. In those cases where the court must abstain under *Younger,* dismissal is required. *Columbia Basin Apartment Ass'n v. City of Pasco,* 268 F.3d 791, 801 (9th Cir.2001).

McElroy filed a total of five lawsuits in state court. Three of McElroy's cases cannot be considered "ongoing proceedings" for the purposes of *Younger* absten-

---

1. McElroy Construction, Inc. is dismissed from this appeal because, unless compelling circumstances are presented, a corporation must be represented by an attorney in federal court. *Taylor v. Knapp,* 871 F.2d 803, 806 (9th Cir.1989). McElroy Construction's supplemental briefing failed to demonstrate that such circumstances are present in this case.

We leave it to the district court on remand to determine whether the facts surrounding McElroy Construction's ability to retain counsel presents a "compelling circumstance" sufficient to permit representation through Mr. McElroy *pro se,* or whether the company's claims should instead be dismissed.

tion because no state court appellate remedy was available at the time McElroy filed his federal action. *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987) (holding that judicial proceedings were ongoing because "[a]t the time the district court abstained, World Famous had yet to appeal ... to the state Supreme Court.").

A final opinion and order was issued in McElroy's Oregon Land Use Board of Appeals ("LUBA") case, docket number 98–151, on July 19, 1999. Under Oregon Rules of Appellate Procedure, McElroy had thirty-five days from that date to file a petition for review in the Oregon Supreme Court. Or. R.App. P. 9.05(2). McElroy failed to petition the Supreme Court for review.

Relying on *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608–09, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the district court concluded that McElroy "had the ability to appeal to the Oregon Supreme Court," and because he failed to do so, his proceedings are "deemed ongoing." *Huffman*, however, does not support the proposition that there is an ongoing judicial proceeding when the time for appeal has passed, for "[a]t the time appellee filed its action in the United States District Court, it had available the remedy of appeal to the Ohio appellate courts." *Id.* at 610, 95 S.Ct. 1200. Instead, for purposes of *Younger* abstention, "failure to exhaust" means that at the time the federal action is filed, a state court appellate remedy is still available. *See World Famous*, 820 F.2d at 1082. In this case, LUBA 98–151, no appellate remedy was still available because the time for appeal had passed.

McElroy's Benton County Circuit Court Case, docket number 98–10434, is likewise not an ongoing state proceeding. The Circuit Court dismissed McElroy's petition for writ of mandamus on July 6, 1999, and McElroy appealed. McElroy, however, voluntarily dismissed his appeal on July 28, 1999. McElroy had thirty days from July 6, 1999, to file his appeal again. Or. Rev.Stat. § 19.255(1). Since he never did so, this case is not an "ongoing proceeding." *Huffman*, 420 U.S. at 610, 95 S.Ct. 1200.

McElroy's Benton County Circuit Court Case seeking a writ of review, docket number 99–10231, was quashed on March 10, 2000. McElroy appealed, but his appeal was dismissed as moot by agreement of the parties on May 3, 2001. McElroy had thirty-five days from May 3, 2001, to petition the Oregon Supreme Court for review of the dismissal, but he did not. Therefore, this case is also not an "ongoing proceeding" for *Younger* purposes.

McElroy's remaining state court causes of action are both "ongoing" for the purpose applying the *Younger* doctrine. The first pending state proceeding, entitled "Petition for Alternative Writ of Mandamus," Benton County Circuit Court Case number 00–10171, challenges the city building official's power to deny McElroy access to appeal an issue regarding project compliance.[2] McElroy's second state law petition, entitled "Petition for Reconsideration," Benton County Circuit Court Case number 00–10153, seeks a mandate from the Benton County Circuit Court compelling the State Building Code and Structures Board to re-issue an order that the Board had previously issued and withdrawn. These cases are still pending and have been consolidated by the Benton County Court.

---

**2.** While the state court indicated that McElroy's position had merit, it did not issue a writ and instead requested briefing regarding whether the case was moot because the project had since been completed and permanent certificates of occupancy had issued.

The district court erred in abstaining as a result of these two remaining ongoing state proceedings because the relief McElroy seeks in his federal case–injunctive relief mandating the issuance of the Certificates of Occupancy and monetary compensation–does not directly interfere with the ongoing state judicial proceedings, as required by our case law.[3] *See Green,* 255 F.3d at 1096. Despite the filing of the federal cause of action, the state court remains free to dismiss the state court cases as moot, issue a writ ordering an appeal, or order the re-issuance of the previously withdrawn order, all without interference from the federal action. While the facts surrounding the City's refusal to grant the Certificates of Occupancy are common to all suits, *Younger* abstention is not justified simply because "some issues may be litigated in the federal court that are also pending before the state courts in the parallel lawsuit." *Id.* at 1098. On the facts of this case, we find that the district court erred in abstaining.

Because the district court found that it was required to abstain, it could not reach the substance of the parties' motions. We express no opinion on the defendants' other grounds for summary judgment.

We deny McElroy's request for judicial notice.

Defendants shall bear the costs of appeal.

VACATED and REMANDED.

---

3. On remand, the district court should determine if the Certificates of Occupancy have all issued and, if so, whether McElroy's requested injunctive relief is now moot.

