IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 01-40634
Summary Calendar

———————————————

ROBERT WARD, Individually, and as next friend
of Marian Ward, a minor; MARJORIE WARD,
Individually, and as next friend of Marian Ward,
a minor,

Plaintiffs-Appellants,

versus

SANTA FE INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS MORE LAW CENTER,

Amicus Curiae.

———————————————————————————————

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. G-99-CV-556)

———————————————————————————————————————————
April 9, 2002

ON PETITION FOR REHEARING

Before REAVLEY, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:[*]

Appellants have filed a motion for rehearing. Relying on <u>Carey v. Piphus</u>, 435 U.S. 247 (1978), and other authority they argue that we erred in concluding that this suit was properly dismissed as moot because they sought the recovery of nominal damages. We conclude that our prior opinion was in error insofar as we held that Marian Ward's claim for nominal damages was moot.[1]

Appellants' original complaint plainly sought the recovery of nominal damages. <u>Carey</u> held that a plaintiff claiming a constitutional violation, specifically a procedural due process violation, could seek nominal damages for the violation in the absence of other damages. <u>Id.</u> at 266-67. While not squarely addressing the issue of mootness, <u>Carey</u> did state that the recovery of nominal damages was appropriate "because of the importance to organized society that procedural due process be observed," <u>id.</u> at 266, and necessarily implied that a case is not moot so long as the plaintiff seeks to vindicate his constitutional rights through a claim for nominal damages.

Other authority supports the proposition that, whether or not a plaintiff's request for injunctive relief has become moot, a suit should not be dismissed in its entirety so

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We do not reach the issues of whether the district court properly held that Marian Ward's parents, Robert and Marjorie Ward, individually lacked standing as school district taxpayers and residents to bring this suit, and whether the court should have made this ruling without notice and an opportunity for discovery.

long as the plaintiff has alleged a cognizable claim for nominal damages for the constitutional violation he suffered. <u>See</u> <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 69 (1997) (holding that claim for nominal damages against a State did not save case from mootness because a §1983 claim does not lie against a State); <u>Bernhardt v. County of Los Angeles</u>, 279 F.3d 862, 872 (9th Cir. 2002) ("A live claim for nominal damages will prevent dismissal for mootness."); <u>Fox v. Bd. of Trs. of the State Univ. of N.Y.</u>, 42 F.3d 135, 141 (2d Cir. 1994) (rejecting argument that claim for nominal damages saved case from mootness because "there is absolutely no specific mention in [the Complaint] of nominal damages.") (internal quotations omitted)); <u>Comm. for the First Amendment v. Campbell</u>, 962 F.2d 1517, 1526-27 (10th Cir. 1992) (holding that claim for nominal damages was not moot even though claims for injunctive relief were moot).

We are persuaded that the case was not entirely moot in light of the claim for nominal damages. We grant the petition for rehearing and withdraw our prior opinion insofar as it held otherwise. We adhere to our prior ruling that the district court did not err in denying leave to amend. We reverse the judgment dismissing the case, and remand it for further proceedings consistent with this opinion.

REVERSED and REMANDED.