Mark E. AMODEI; Walter Andonov; Sharron E. Angle; Ray Bacon; Bob Beers; David F. Brown; John C. Carpenter; Barbara K. Cegavske; Lynn Chapman; Chad Christensen; Thomas Cox; Jill Dickman; Eddie Floyd; Peter J. Goicoechea; Thomas J. Grady; Donald G. Gustavson; Christopher Hansen, Janine Hansen; Joel Hansen; Jonathan Hansen; Warren B. Hardy, II; Lynn C. Hettrick; Dolores Holets; Thomas Jefferson; O.Q. Chris Johnson; Ronald L. Knecht; Robert Larkin; Mary Lau; John Lusk; R. Garn Mabey, Jr.; Larry Martin; John W. Marvel; Mike McGinness; Nanette Moffitt; Judith Moss; Nevada Concerned Citizens;

Nevada Manufacturers Association; Nevadans for Tax Restraint; Dennis Nolan; Ann O'Connell; Stan Paher; Retail Association of Nevada; Dean A. Rhoads; Roderick R. Sherer; David Shuman; Ira Victor Spinack Sandra J. Tiffany; Maurice E. Washington; Valerie E. Weber; Greg White; Richard Ziser, Plaintiffs—Appellants,

v.

NEVADA STATE SENATE; Nevada State Assembly; Nevada State Legislature; Diane Keetch; Lorraine T. Hunt; Dean Heller; Kenny Guinn; Brenda Erdoes; Claire J. Clift; Charles E. Chinnock, Defendants—Appellees.

No. 03–16326.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2004.

Decided May 12, 2004.

John C. Eastman, Esq., The Claremont Institute Center for Constitutional Jurisprudence, Orange, CA, Jeffrey A. Dickerson, Esq., Reno, NV, Hugh Hewitt, Esq., Steven B. Imhoof, Esq., Hewitt & O'Neil, Irvine, CA, Erik S. Jaffe, Washington, DC, for Plaintiffs–Appellants.

Bradley Wilkinson, Esq., William L. Keane, Esq., Legislative Counsel Bureau, Brian Sandoval, Esq., AGNV—Office of the Nevada Attorney General, Jeff E. Parker, Esq., Carson City, NV, N. Patrick Flanagan, III, Esq., Hale Lane Peek Dennison & Howard, Reno, NV, for Defendants–Appellees.

Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

### MEMORANDUM *

Appellants, members of the Nevada Legislature ("Legislator Plaintiffs") and citizens and taxpayers of Nevada ("Non–Legislator Plaintiffs"), brought suit in federal district court under 42 U.S.C. § 1983 against other members of the Nevada Legislature, the Governor of Nevada, and other state officials. Appellants alleged violations of their federal due process and equal protection rights, and of the Republican Guaranty Clause, Article IV, Section 4, of the United States Constitution. The district court dismissed the suit in part as barred by the *Rooker–Feldman* doctrine,

and in part for failure to state a claim. As the parties are familiar with the facts of this case, we do not repeat them here. We affirm.

### ANALYSIS

■ The passage of SB 8, a bill increasing public revenues and appropriating funds for public education, by a two-third vote of both the State Senate and the State Assembly, and the enactment of that bill into law, rendered Appellants' claims for declaratory and injunctive relief moot. "A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir.2003) (quotation marks omitted). Appellants' claims for declaratory and injunctive relief rely on the supposed intention of the defendants to permit SB 6 to become law without the two-third vote required by the Nevada state constitution. The passage of SB 8 negated any such possibility. Therefore, appellants claims for declaratory and injunctive relief are moot.

■ This case is not saved from mootness by either the "voluntary cessation" nor "capable-of-repetition-yet-evading-review" branches of the mootness doctrine. These branches require, respectively, a determination that "the allegedly wrongful behavior could . . . reasonably be expected to recur," *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), and that "there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Porter*, 319 F.3d at 489–90. Neither of the two allegedly harmful actions in

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

this case (i.e., the Nevada Supreme Court writ of mandamus ordering the Legislature to conduct the 20th Special Session under "simple majority rule," and the "passage" of SB 6 itself) may ever be repeated, as they were both directed to specific periods in time that have already passed (i.e., the 20th Special Session, and the period for planning the 2004 budget).

Appellants' remaining claim for nominal damages remains a live controversy, however. *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 871 (9th Cir.2002) ("[W]e must conclude that Berhardt's claims for prospective relief are moot, although we hold that her possible entitlement to nominal damages creates a continuing live controversy."); *Porter,* 319 F.3d at 489 ("Plaintiffs retain a cognizable interest in their claims for damages, which clearly indicates that a live controversy remains between the parties."). The district court dismissed this claim on two grounds: lack of subject matter jurisdiction (with respect to the Legislator Plaintiffs) and failure to state a claim, under Rule 12(b)(6) (with respect to the Non–Legislator Plaintiffs). We review the district court's dismissal de novo. *Kougasian v. TMSL,* 359 F.3d 1136, 1139 (9th Cir.2004) (reviewing a district court's dismissal for lack of subject matter jurisdiction de novo); *Vestar Development II, LLC v. General Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001) ("This court reviews de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). We affirm the district court's dismissal of this claim on the ground that Appellants have failed to allege an injury.

■ Article III of the Constitution requires that a plaintiff "must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," for a federal court to assert jurisdiction over the suit. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks and citations omitted). "[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen v. Wright,* 468 U.S. 737, 754, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). "Abstract injury is not enough" to sustain federal jurisdiction. *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 219, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974) (quoting *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)) (internal quotation marks omitted). Here, Plaintiffs have alleged only an abstract injury. SB 6 did not pass the State Senate and was not enacted into law. No taxpayer paid a nickle into the coffers of Nevada under its rule. Although the members of the Assembly who voted against SB 6 claim a completed injury through vote dilution, there is no cognizable injury in fact, sufficient to establish an Article III controversy, where the vote in question never resulted in legislation. *See Raines v. Byrd,* 521 U.S. 811, 824, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997) (holding that the legislator plaintiffs did not allege a sufficient injury because they did not "allege[ ] that they voted for a specific bill, that there were sufficient votes to pass the bill, and that the bill was nonetheless deemed defeated"). Thus, Appellants have failed to allege a sufficiently concrete injury to support federal jurisdiction over the suit.

*Coleman v. Miller,* 307 U.S. 433, 59 S.Ct. 972, 83 L.Ed. 1385 (1939), does not require a contrary result. As the Supreme Court stated in *Raines,* "*Coleman* stands (at most ...) for the proposition that legislators whose votes would have been sufficient to defeat (or enact) a spe-

cific legislative Act have standing to sue *if that legislative action goes into effect (or does not go into effect),* on the ground that their votes have been completely nullified." 521 U.S. at 823, 117 S.Ct. 2312 (emphasis added). This court has further explained that "the critical fact in *Coleman* was that if the plaintiff-senators were correct on the merits, their votes should have been sufficient to effect a particular result (defeat of the resolution); *but the allegedly illegal act instead effected the opposite result (certification of the resolution)."* *Gutierrez v. Pangelinan,* 276 F.3d 539, 545–46 (9th Cir.2002) (emphasis added). In the case at hand, if the Plaintiffs were correct on the merits, their votes should have been sufficient to defeat SB 6. The allegedly illegal act did not, however, "effect[ ] the opposite result," namely, the enactment of SB 6 into law. Therefore, *Coleman* is of no avail to Plaintiffs in their pursuit of standing.

AFFIRMED.