NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 25 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J.H., a minor, by and through his Guardian Ad Litem, Leticia Neal, | No. 15-56594 |
| Plaintiff-Appellee, | D.C. No. 5:14-cv-00804-MWF-PLA |
| v. | |
| RIVERSIDE COUNTY OFFICE OF EDUCATION, A Local Educational Agency, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted May 12, 2017
Pasadena, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and DONATO,** District Judge.

Riverside County Office of Education ("RCOE") challenges a ruling by a

California administrative law judge ("ALJ") that required RCOE to provide speech

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

and language services to J.H. and ordered RCOE to petition to intervene in a state juvenile court proceeding to identify a locked residential treatment center placement for J.H.

RCOE has fully satisfied the terms of the ALJ's order relevant to this appeal; there is no further action that RCOE is required to take. Indeed, the state juvenile court denied RCOE's motion to intervene, J.H. was never placed in a residential treatment center, direct appeals from J.H.'s state court juvenile proceedings have since concluded, and the record does not indicate that there are any pending collateral attacks on those proceedings. The only relief the ALJ ordered that RCOE challenged in its briefs as inappropriate was the order requiring RCOE to petition to intervene in a state juvenile court proceeding and to identify a locked residential treatment center placement for J.H.[1]

"As a prerequisite to our exercise of jurisdiction, we must . . . satisfy ourselves that this case is not moot." *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002) (citing *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000)). Even if neither party contends that the case is moot, "we have an independent duty to consider *sua sponte* whether [it is]." *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing *Dittman v.*

---

[1] We consider any arguments not "specifically and distinctly" raised in the opening brief to be waived. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

*California*, 191 F.3d 1020, 1025 (9th Cir. 1999)).  "Where the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed."  *Foster v. Carson*, 347 F.3d 742, 746 (9th Cir. 2003) (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002)); *see also EEOC v. Fed. Express Corp.*, 558 F.3d 842, 846-47 (9th Cir. 2009) ("The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor.  If it can grant such relief, the matter is not moot." (quoting *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005))).

Here, "declaring the [ALJ's order] unlawful would serve no purpose," *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007), because such a declaration would not affect RCOE's duties or actions in this case.  We "cannot undo what has already been done," and everything RCOE properly challenges in this appeal has already been done.  *Foster*, 347 F.3d at 746 (quoting *Bernhardt*, 279 F.3d at 871).  The appeal is therefore moot and must be dismissed.[2]

**DISMISSED.**

---

[2] Accordingly, we deny as moot RCOE's motion for judicial notice.