MEMORANDUM***
Appellant C. Douglas Wikle appeals the district court’s dismissal of his “Emergency Motion” to vacate the order of the bankruptcy court allowing the trustee to distribute assets to non-priority creditors as moot. We agree that the issue is moot and therefore affirm the dismissal by the district court.
I.
C. Douglas Wikle served as an attorney in the Chapter 11 bankruptcy of John Douglas Smith. The Smith bankruptcy was eventually converted to a Chapter 7 bankruptcy, and Wikle was replaced as counsel. Wikle filed his “Fifth and Final Fee Application” in the bankruptcy court contending that he possessed a priority claim to approximately $150,000 from the estate’s assets under 11 U.S.C. §§ 380(a) and 503 for compensation as the debtor’s attorney. The bankruptcy court denied Wikle’s request. Wikle appealed this ruling to the district court in what the parties refer to as the “Fee Appeal” and sought a stay of proceedings in the bankruptcy court—the only proceeding remaining being the distribution of assets to non-priority creditors which would exhaust the estate’s assets. Both the bankruptcy court and district court denied the stay request.
*116 On the same day that the bankruptcy court denied the stay, it entered a “Stipulated Order” that authorized the trustee to distribute the assets to non-priority creditors. In response to this, Wikle filed an Emergency Motion in the district court seeking to vacate the Stipulated Order on the grounds that the Fee Appeal had divested the bankruptcy court of jurisdiction, that the order violated Rule 8005 of the Federal Rules of Bankruptcy Procedure, and that the entry of the order without notice and hearing violated his due process rights.
The district court denied the motion as moot and this appeal follows.
II.
“ ‘Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).’ ” Foster v. Carson, 347 F.3d 742, 745 (9th Cir.2003) (quoting Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir.1999)). For a plaintiff to have standing, he or she must show “an ‘injury in fact’ that a favorable judgment will redress.” Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 124 S.Ct. 2301, 2308, 159 L.Ed.2d 98 (2004). “If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction.” Ruvalcaba v. City of L.A., 167 F.3d 514, 521 (9th Cir.1999).
Wikle’s “appeal seeks to invalidate the ‘Stipulated Order’ because it is an unauthorized and improper interference with [his] right to an effective appeal.” Br. of Appellant at 6-7. Wikle’s claim is that “in the present case disbursement operates to [ ] prevent the payment to which [Wikle,] as a priority claim holder, will be entitled if [he] prevails on appeal, at least to the extent that collection is likely to result in expense and losses to [Wikle].” Reply Br. of Appellant at 7-8. Essentially, Wikle argues that his injury in this case is that the disbursement of funds makes it more difficult to collect if he wins the Fee Appeal.
Wikle filed his Emergency Motion with the district court on March 4, 2003. The trustee filed a final accounting on November 13, 2003, certifying that the estate had been fully administered. See Trustee’s Final Account, In re Smith, No. LA 95-29929 SB, Docket Entry 420. Normally, the distribution of funds (in contrast to the sale of real property) does not moot an appeal because the courts can require the disgorgement of funds. See Focus Media, Inc. v. Nat’l Broadcasting Co. (In re Focus Media, Inc.), 378 F.3d 916, 924 (9th Cir.2004). This appeal, however, is not directly about the funds, but about the availability of a particular remedy. The alleged injury is that if Wikle wins on the Fee Appeal, the funds will have to be disgorged by the non-priority creditors rather than simply distributed by the trustee. In other words, the alleged injury is that Wikle must pursue the disgorgement remedy instead of recovering funds directly from the estate.
The only way to protect Wikle against the injury he claims to face is to prevent the trustee from distributing funds. This is impossible because the funds have been distributed. “Where the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed.” Bernhardt v. County of L.A., 279 F.3d 862, 871 (9th Cir.2002). This court could order disgorgement of the funds, but that would not remedy the alleged injury. It is the act of requiring disgorgement that Wikle seeks to avoid, *117 but that is not possible because the funds have been distributed. It is “impossible for [this court] to fashion effective relief,” Focus Media, Inc., 378 F.3d at 922, because it cannot “ ‘undo what has already been done’ ” and thus the case is moot and should be dismissed.[1] Id. at 923 (quoting Bennett v. Gemmill (In re Combined Metals Reduction Co.), 557 F.2d 179, 187 (9th Cir.1977)).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Because we find that no effective remedy could be fashioned for Wikle’s alleged injury, we need not determine whether the fact that Wikle is only injured by the Stipulated Order if he succeeds in the Fee Appeal constitutes an injury in fact that is actual or imminent, not conjectural or hypothetical. Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir.2004).