**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TATYANA LEVINA,

*Plaintiff-Appellant,*

v.

SAN LUIS COASTAL UNIFIED SCHOOL DISTRICT,

*Defendant-Appellee.*

No. 06-55179

D.C. No.
CV-05-06586-JFW

OPINION

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted
October 18, 2007—Pasadena, California

Filed December 28, 2007

Before: Diarmuid F. O'Scannlain and Milan D. Smith, Jr.,
Circuit Judges, and Michael W. Mosman,* District Judge.

Opinion by Judge Mosman

---

*The Honorable Michael W. Mosman, United States District Judge for
the District of Oregon, sitting by designation.

16849

**COUNSEL**

Marcy J.K. Tiffany, Wyner & Tiffany, Torrance, California, for the plaintiff-appellant.

Peter A. Sansom, Lozano Smith, Vista, California, for the defendant-appellee.

**OPINION**

MOSMAN, District Judge:

Defendant-Appellee San Luis Coastal Unified School District ("School District") filed an administrative complaint under the Individuals with Disabilities Education Act of 2004 ("IDEA") against Plaintiff-Appellant Tatyana Levina when she refused to consent to an Individualized Education Plan ("IEP") for her minor son. After the administrative Hearing Officer dismissed the School District's administrative complaint without prejudice, Ms. Levina filed a complaint in district court under 20 U.S.C. § 1415(i)(2)(A). Ms. Levina appeals the district court's grant of summary judgment in the School District's favor. We dismiss for lack of jurisdiction.

## I. Background and Prior Proceedings

In 2005, the School District developed an IEP for Ms. Levina's minor, disabled son. She would not consent to the

IEP, so the School District filed an administrative complaint. At the School District's request, a Hearing Officer dismissed the complaint without prejudice on May 24, 2005.

On September 7, 2005, Ms. Levina filed a complaint in district court, claiming the Hearing Officer "erred in failing to dismiss the case with prejudice and in failing to identify [her] as the prevailing party." The School District moved to dismiss the complaint for lack of standing and subject matter jurisdiction. The district court reluctantly denied the motion to dismiss, stating that the question of jurisdiction was dependent upon factual issues going to the merits. The parties filed cross-motions for summary judgment, and the district court granted the School District's motion, concluding the Hearing Officer properly dismissed the matter without prejudice.

## II.    Standard of Review and Jurisdiction

**[1]** "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)). If a party lacks standing, the court does not have jurisdiction as to that party. *See Bernhardt v. County of L.A.*, 279 F.3d 862, 868 (9th Cir. 2002) (citations omitted).[1] A party's standing is subject to *de novo* review. *Id.* at 867.

## III.    Discussion

**[2]** The IDEA states: "Any party aggrieved by the findings and decision made [in an impartial due process hearing] . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section . . . ." 20 U.S.C. § 1415(i)(2)(A). Parents of a child with a disability may bring

---

[1]Although the parties have mentioned the concept of prudential standing in passing, the parties have briefed and argued this issue as a question of Article III standing.

a civil action pursuant to this provision. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 127 S. Ct. 1994, 2004 (2007). This court has not directly addressed whether a parent who has not requested relief under the IDEA may qualify as "aggrieved." We hold that parties are "aggrieved" under the IDEA only if: (1) they have suffered an injury in fact, *see Serrato v. Clark*, 486 F.3d 560, 566 (9th Cir. 2007) ("To satisfy Article III's standing requirements, a plaintiff must show [that] she has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."); and (2) they are denied relief they affirmatively requested, *see Diatta v. Dist. of Columbia*, 319 F. Supp. 2d 57, 63 (D.D.C. 2004) ("A party is considered 'aggrieved' under the Act where relief requested in satisfaction of the Act is denied." (citations omitted)).[2]

## A. Injury in Fact

[3] Ms. Levina did not suffer an injury in fact because her injuries are speculative. An injury in fact is an invasion of a legally protected interest that is concrete and particularized, and actual or imminent. *See Serrato*, 486 F.3d at 566. Ms. Levina argues the School District could re-file its case, subjecting her to future litigation. To date, the School District has not re-filed its case, so any potential harm to Ms. Levina from having to re-litigate in the future is speculative.[3]

[4] Ms. Levina also argues the Hearing Officer's decision

---

[2]We note that one of our sister circuits has held that the IDEA "implicitly grant[s] standing . . . to the limits of Article III." *Family & Children's Ctr., Inc. v. Sch. City of Mishawaka*, 13 F.3d 1052, 1061 (7th Cir. 1994). However, *Winkelman*, 127 S. Ct. 1994, and *Maroni v. Pemi-Baker Regional School District*, 346 F.3d 247, 252-53 (1st Cir. 2003), both stand for the proposition that the IDEA may be read as imposing independent statutory limitations as to standing.

[3]The School District will likely never re-file its case because, as indicated during oral arguments, the parties have reached a settlement.

deprived her of the opportunity to seek reasonable attorney fees.[4] Indeed, because it is unlikely that the School District will ever re-file its case against Ms. Levina, it appears that the sole purpose of bringing this federal action was to secure fees for Levina's attorneys and not to secure any substantive relief under the IDEA. But the Supreme Court has held that an interest in attorney fees is not an injury in fact. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("An 'interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990))). Thus, Ms. Levina did not suffer an injury in fact, because any harm to her is speculative and an interest in attorney fees does not create an injury in fact.

## B.  *Affirmatively Requested Relief*

**[5]** Ms. Levina also is not "aggrieved" under the IDEA because she did not affirmatively request relief. "A party is . . . 'aggrieved' . . . where relief requested in satisfaction of [the IDEA] is denied." *Diatta*, 319 F. Supp. 2d at 63 (citations omitted). The School District filed the request for an administrative hearing, and Ms. Levina did not file any claims against the School District or otherwise affirmatively request relief. Ms. Levina argues that a procedural ruling can render a party aggrieved because it effectively denies relief the party could have otherwise received. However, when the Hearing Officer dismissed the matter without prejudice, it merely restored the status quo. Therefore, in this case, Ms. Levina was not aggrieved by the Hearing Officer's decision.

## IV.  Conclusion

Because Ms. Levina did not suffer an injury in fact and did

---

[4]Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B).

not affirmatively request relief, she is not an "aggrieved" party under the IDEA and therefore lacked standing to bring an action under 20 U.S.C. § 1415(i)(2)(A). Consequently, we dismiss for lack of jurisdiction.[5]

DISMISSED.

---

[5]The School District's request dated November 26, 2007, for sanctions against Ms. Tiffany for improper filing of a Rule 28(j) letter is denied as moot.