**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RUBEN JOSEPH RUIZ, | No. 10-17747 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00326-MHP |
| v. | |
| EVERETT FISCHER; DEVON HAWKES; JOHN HARRISON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted April 18, 2013
San Francisco, California

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Ruben Ruiz alleges that prison officials violated his due process rights in

validating him as a prison gang associate. He now appeals the district court's

dismissal of claims against Defendants Hawkes and Fischer for failure to exhaust

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

administrative remedies and the district court's grant of summary judgment in favor of Defendant Harrison.

We grant the appellees' motion to augment the record. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024–25 (9th Cir. 2003). We deny the motion to dismiss, however, because the case is not moot. *See Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002).

The district court should not have dismissed the claims against Defendants Hawkes and Fischer for failure to exhaust because it was reasonable for Ruiz to have relied on the statements by the Deputy Attorney General during state court proceedings that further exhaustion was not required. *See Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005). We nonetheless affirm the district court's dismissal and grant of summary judgment because Ruiz's substantive claims lack merit. We have recently held that "some evidence" is needed for validation as a prison gang associate. *Castro v. Terhune*, No. 11-16837, 2013 WL 1364134, at * 7 n.4 (9th Cir. April 5, 2013). Here, as the district court recognized, the Defendants had "some evidence" with the requisite indicia of reliability before they validated Ruiz. *See Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985).

**AFFIRMED**.