**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL IZELL SEALS, AKA Michael
Izell Seals-Brown,

Plaintiff-Appellant,

v.

JEFFREY LLOPIS, Parole Agent; et al.,

Defendants-Appellees.

No. 15-17219

D.C. No. 5:13-cv-04824-PSG

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding**

Submitted February 14, 2017***

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Michael Izell Seals, aka Michael Izell Seals-Brown, a California state

prisoner, appeals pro se from the district court's judgment in his 42 U.S.C. § 1983

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The parties consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

\*\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

action alleging constitutional violations arising from the imposition of certain parole conditions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 595-96 (9th Cir. 2004) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 960 (9th Cir. 2010) (summary judgment under Fed. R. Civ. P. 56), and we affirm.

The district court properly dismissed Seals' claims for monetary damages against defendants Llopis and McNunn because they are entitled to absolute immunity for the imposition of the challenged parole conditions and to qualified immunity related to their enforcement of those conditions. *See Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2014) (parole officers are entitled to absolute immunity against claims for damages arising from imposition of parole conditions, while qualified immunity applies to claims arising from enforcement); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment for defendants Mills and Waidelich because Seals failed to raise a genuine dispute of material fact as to whether these defendants imposed or enforced the challenged parole conditions.

*See Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) ("[A] person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made'" (citation omitted)).

The district court properly dismissed Seals' claim for injunctive relief as moot because plaintiff is no longer on parole subject to the challenged conditions. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Llopis and McNunn's motion to take judicial notice, filed on March 11, 2016, is granted.

Seals's motion to file a supplemental brief, filed on February 6, 2017, is denied.

Seals's request for injunctive relief, set forth in his reply brief and motion to file a supplemental brief, is denied.

**AFFIRMED.**

15-17219