**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EXPENSIFY, INC., | No.   19-17320 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-01892-PJH |
| v. | |
| EDDIE WHITE, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| MATT KOLESAR, | |
| Defendant. | |

Appeal from the United States District Court
For the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted December 8, 2020[**]
San Francisco, California

Before:  BOGGS,[***] M. SMITH, and BENNETT, Circuit Judges.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Expensify, Inc. appeals a district-court ruling granting a motion to dismiss its suit for declaratory judgment against Eddie White and Matt Kolesar ("the Defendants"). Expensify, an internet-only company, sued the Defendants in response to communications from the Defendants' counsel alleging that Expensify's website and mobile applications discriminated against blind users. The Defendants had stated that a lack of accessibility violated three civil-rights statutes, including the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 ("ADA"). Expensify sought a declaration that it did not violate the statutes.

In response to the complaint, the Defendants each executed a "Release and Waiver of Claims" that included irrevocable and unconditional covenants not to sue Expensify regarding the accessibility of its products. The Defendants then moved to dismiss the action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The district court ruled that it had jurisdiction at the outset of the case but, finding that the waivers mooted the action, granted the motion.[1] *Expensify, Inc. v. White*, No. 19-CV-01892-PJH, 2019 WL 5295064, at *3–8 (N.D. Cal. Oct. 18, 2019).

---

*** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] Before the ruling, the parties entered a stipulation voluntarily dismissing Kolesar.

On appeal, Expensify argues that the district court erred by holding that it had no right to nominal damages, and therefore its case was moot. Because there was no error, we **AFFIRM** the district court's dismissal.

The district court properly found—and the parties do not dispute on appeal—that subject-matter jurisdiction existed when Expensify filed the complaint. We review de novo the motion to dismiss for lack of subject-matter jurisdiction. *See US West, Inc. v. Nelson*, 146 F.3d 718, 721 (9th Cir. 1998).

1. A jurisdiction-providing controversy must exist at all stages of review, not merely when a party files its complaint. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013). "A case becomes moot," and a controversy ceases to exist, when "the parties lack a legally cognizable interest in the outcome." *Id.* at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). There is an exception if the wrongful behavior can reasonably be expected to recur, but an unconditional and irrevocable covenant not to sue can preclude that possibility. *See id.* at 92–93.

2. A case is not moot if effective relief remains available, such as nominal damages. *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862, 868 (9th Cir. 2017). "A live claim for nominal damages will prevent dismissal for mootness." *Ibid.* (quoting *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002)).

3. The waivers signed by the Defendants mooted the action. The waivers were nearly identical to those evaluated in *Already, LLC v. Nike, Inc.*, 568 U.S. 85,

93 (2013), which were found to moot the case and preclude the possibility of future suits. Because the Defendants waived their right to bring a claim against Expensify in the future, there was no longer a live controversy and the court ceased to have subject-matter jurisdiction. *See id.* at 93–96, 101–02.

4. Expensify's argument that its claim for nominal damages kept its complaint alive is misplaced. Nominal damages were not proper because Expensify does not seek to vindicate dignitary interests nor important rights. *See Bayer*, 861 F.3d at 874. Private accusations that Expensify may have violated another person's civil rights is not an affront to Expensify's dignitary interests. While nominal damages may be available for some ADA claims seeking to redress dignitary harms, Expensify is not a *plaintiff* bringing a suit under the ADA, but a potential ADA *defendant* seeking declaratory relief.

Accordingly, we agree with the district court that there are no special interests or legal authorities supporting Expensify's claim for nominal damages. Expensify's complaint against White is moot and therefore it was properly dismissed.

**AFFIRMED.**