**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>E.L. HERITAGE INN OF SACRAMENTO, LLC, a Nevada Limited Liability Company,<br><br>    Defendant-Appellee. | No. 21-15674<br><br>D.C. No.<br>2:20-cv-02162-JAM-DB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 14, 2022
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,[**] District Judge.

  Orlando Garcia appeals from the district court order dismissing his suit

against E.L. Heritage Inn of Sacramento, LLC ("Heritage Inn") for failure to state

a claim under Fed. R. Civ. P. 12(b)(6).  We have jurisdiction under 28 U.S.C.

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**] The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

§ 1291, and reverse and remand.

This Court reviews de novo a district court's dismissal under Fed R. Civ. P. 12(b)(6). *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). This Court accepts "all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Id.* (quoting *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009)).

Garcia argues that Heritage Inn displayed inconsistent information and images on its website in violation of the "Reservations Rule," a regulation promulgated under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, which requires that hotels "identify and describe accessible features . . . in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii). The district court dismissed his complaint, holding as a matter of law that Heritage Inn's web site fulfilled Department of Justice ("DOJ") standards for compliance with the Reservations Rule. *See* 28 C.F.R. pt. 36, app. A.

In *Love v. Marriott Hotel Servs., Inc.*, No. 21-15458, __ F.4th __, 2022 WL 2899267 (9th Cir. July 22, 2022), this Court addressed similar claims. Here, as in *Love*, the defendant hotel's web site provided the accessibility information that the DOJ requires: "the general type of room (e.g., deluxe executive suite), the size and

2

number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices)." 28 C.F.R. pt. 36, app. A. Here, however, in providing accessibility information about bathing facilities, the Heritage Inn web site allegedly contradicted itself by stating both that the standard king guest room "does not offer mobility accessible rooms" and that the hotel "offers accessible rooms with roll in showers." Further, the accessibility section of the Heritage Inn web site had a photograph of a roll-in shower that revealed potential ADA violations such as a grab bar behind the shower seat and a shower head that was out of reach of the shower seat. 36 C.F.R., pt. 1191, app. D, §§ 608.3.2, 608.5.2.

Based on the inconsistent and contradictory information on the hotel web site, and the images which depicted potential ADA violations, Garcia plausibly alleged that an individual with disabilities could not assess whether the guest room met the guest's accessibility needs. Therefore, the district court erred in dismissing Garcia's case based on its conclusion that, as a matter of law, the Heritage Inn web site complied with the Reservations Rule.

After oral argument, on February 23, 2022, Heritage Inn filed a motion asking the Court to take judicial notice that the picture of the non-ADA compliant bathroom and the description of the standard king guest room as non-ADA compliant had been removed from the hotel web site. Garcia never responded to

3

the motion. We grant the motion for judicial notice because the contents of the web site are undisputed and "can be accurately and readily determined." Fed. R. Evid. 201(b).

Heritage Inn argues that if the Court takes judicial notice of the current web site, any claim based on inconsistent information or pictures on the website is moot and therefore should be dismissed. From the motion, it is not clear whether Heritage Inn argues that the entire case must be dismissed or only particular claims that are based on the inconsistent information and pictures on the web site.

In his complaint, Garcia requests injunctive relief under the ADA and the Unruh Civil Rights Act, Cal Civ. Code §§ 51–53, plus damages, attorney fees, litigation expenses and costs, pursuant to 42 U.S.C. § 12205 and Cal Civ. Code § 52(a).[1] Accordingly, even if Garcia's claim for injunctive relief is moot as to certain claims, other relief may be available. *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002). On remand, the district court shall determine whether any of Garcia's claims are moot and conduct further proceedings not inconsistent with this disposition.

**REVERSED and REMANDED.**

---

[1] The Unruh Act is coextensive with the ADA but allows for monetary damages, including actual damages and minimum statutory damages of $4,000 for each offense. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).